# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOSEPH TAYLOR,

    *Petitioner*,

vs.

LENARD VARÉ, *et al.*,

    *Respondents*.

3:05-cv-00489-KJD-RAM

ORDER

    This closed habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's motion (#14) for reconsideration of the order and judgment (## 12 & 13) entered on July 5, 2006, dismissing this action without prejudice for lack of exhaustion of state judicial remedies. The motion reflects that it was mailed for filing no earlier than August 24, 2006, more than ten days after entry of judgment. The motion thus necessarily arises under Rule 60 rather than Rule 59 of the Federal Rules of Civil Procedure.

### *Background*

    On or about August 26, 2005, Petitioner Joseph Taylor mailed the federal habeas petition in this matter for filing. The petition raised a single claim seeking to challenge a second amended judgment of conviction that petitioner alleged was filed in Nevada state court on October 28, 1994. He alleged that he did not receive a copy of this second amended judgment until March 2005. Petitioner's prior federal petitions appear to have challenged only

the original and first amended judgments of conviction without also challenging the second amended judgment of conviction.

On February 24, 2006, following preliminary proceedings, the Court ordered petitioner to show cause in writing why the petition should not be dismissed without prejudice for lack of exhaustion. The petition and accompanying papers reflected that petitioner had pursued administrative remedies with the Nevada Department of Corrections but had not pursued any state judicial remedies presenting his challenge to the second amended judgment of conviction.

On March 31, 2006, the Clerk received and filed petitioner's one-page undated response to the show cause order. In the response, petitioner did not assert that he had exhausted state judicial remedies. Instead, he conceded the point and requested that the Court enter a stay of this action under *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), to allow petitioner "to go back and exhaust" the claim in state court.

By an order and judgment entered on July 5, 2006, the Court dismissed the petition without prejudice for lack of exhaustion. The Court based the dismissal on established Ninth Circuit authority holding that when a petition, such as the present petition, contains no exhausted claims but instead is completely unexhausted, the district court must immediately dismiss the petition without prejudice. *See,e.g., Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001)(citing prior case law discussing the unavailability of a stay). *Accord Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). The Court further observed that, even if *Rhines* were applicable to the completely unexhausted petition, petitioner's one-page conclusory show cause response in any event made no effort to demonstrate satisfaction of the criteria in *Rhines* for obtaining a stay.

On or after August 24, 2006, petitioner mailed the present motion for reconsideration for filing. The motion was mailed for filing after the judgment of dismissal had become final by the expiration of delays both for seeking relief under Rule 59 and for filing a notice of appeal.

/ / / /

*Discussion*

Petitioner does not identify any basis under Rule 60(b) for obtaining relief from the final judgment in this matter. It is undisputed that the sole ground advanced in the petition was not exhausted both at the time that the petition was filed and at the time that final judgment was entered.

Petitioner represents to the Court, for the first time in his unverified motion for reconsideration, that he filed a state district court proceeding challenging the second amended judgment of conviction "on or about March of 2006," that the state district court denied relief, and that the Supreme Court of Nevada affirmed on July 28, 2006. Petitioner did not attach a copy of any such order by the state district court or state high court.[1] He did attach a copy of a motion for reconsideration/clarification in the state district court that was stamped filed by the state court clerk on July 11, 2006. He otherwise did not attach a copy of any petition, motion, fast track statement, order, or other paper filed in the state courts showing what claim was presented to the state courts and what rulings were made thereon.

For purposes of the motion for reconsideration, the Court will assume, *arguendo*, that petitioner in fact presented the claim presented in the federal petition to the state district court at some point in March 2006 and that the Nevada Supreme Court affirmed the denial of relief on July 28, 2006. Even with this *arguendo* assumption, which is far from established on the record presented on the motion for reconsideration, it is undisputed that the sole ground advanced in the petition was not exhausted both at the time that the petition was filed and at the time that the July 5, 2006, judgment was entered. The Court's without prejudice dismissal of the petition therefore was, and remains, entirely proper under well-established law. *Rasberry, supra*; *Jiminez, supra*. The Court's without prejudice dismissal, in and of itself, does not bar the petitioner from filing a new federal habeas petition in a new action. The present petition, however, indisputably was properly dismissed for lack of exhaustion.

---

[1] The Court's show cause order directed petitioner to attach "copies of all state court petitions, memoranda, fast track statements, briefs, and any and all other papers upon which he bases his claim of exhaustion."

1 | Petitioner's remaining arguments in the motion for reconsideration pertain to the merits
2 | of his constitutional claim. They do not undermine the Court's prior conclusion that the
3 | petition in this matter was subject to dismissal for lack of exhaustion.
4 |     IT THEREFORE IS ORDERED that petitioner's motion (#14) for reconsideration is
5 | DENIED.
6 |     DATED: November 7, 2006

_____
KENT J. DAWSON
United States District Judge